**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| FSS, INC., *DBA* FRONT STREET SHIPYARD, | ) ) ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) | CIVIL NO. 1:16-CV-641-DBH |
| ANDREW HEYWARD, AMY HEYWARD, A SQUARED AVIATION LLC, AND GADGET BOAT LLC, | ) ) ) ) ) | |
| DEFENDANTS | ) | |

**ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNT III OF A-SQUARED AVIATION'S COUNTERCLAIMS**

In this maritime law nonjury case, the plaintiff has moved to dismiss Count III of the counterclaim against it, a counterclaim based upon Maine's Unfair Trade Practices Act, 5 M.R.S.A. § 205-A et seq. (Maine UTPA). Def.'s Mot. to Dismiss Count III of A-Squared Countercl. (ECF No. 12). In Count III, the defendant/counterclaim plaintiff seeks "an amount to be determined at summary judgment or trial, plus all allowable pre- and post-judgment interest, attorney fees and other allowable expenses" and other "just and equitable" relief. Answer (ECF No. 8) at 8. The defendant/counterclaim plaintiff now concedes that it cannot recover attorney fees under the UTPA because maritime law preempts that remedy. Resp. to Mot. (ECF No. 19) at 1-2. But it contends that Count III should otherwise remain, citing a decision by Judge Levy that, aside from attorney fees, a "claim of unfair or deceptive practices brought under the

Maine UTPA is not preempted by federal admiralty law." York Marine, Inc. v. M/V Intrepid, 2016 WL 5372762 at *9 (D. Me. Sept. 26, 2016). The plaintiff demurs, arguing that the York Marine statement is dictum and incorrect. Reply to Resp. (ECF No. 22) at 2-4.

I **GRANT IN PART** the motion to dismiss, namely the Maine UTPA claim insofar as it seeks attorney fees. I **DENY** the motion otherwise, but without prejudice to its renewal later. At this stage of the case, I cannot determine whether this dispute is other than an abstract and premature argument. In part, the plaintiff challenges counterclaim Count III on the basis that the Maine UTPA is punitive and contrary to the maritime law standard for punitive damages recovery. But the defendant/counterclaim plaintiff denies any attempt to recover punitive relief and says it is seeking only actual damages. The plaintiff in response seems to say that the standard of liability under the Maine UTPA is different and thereby preempted.

In light of Judge Levy's statement in York Marine, dictum or not, I will not grant the plaintiff's motion to dismiss apart from attorney fees. I will allow the plaintiff to pursue the argument if the record on summary judgment or at trial shows that it is more than an abstract argument.

**SO ORDERED.**

**DATED THIS 31ST DAY OF MAY, 2017**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**